IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> v. ) <br> ) <br> **FEDERICO GUILLERMO KLEIN,** ) <br> ) <br> **Defendant.** ) <br> ) | **Criminal No. 1:21-CR-00236-JDB** |

## DEFENDANT'S RESPONSE TO APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Defendant Federico (a/k/a Freddie) Klein, by and through the undersigned counsel, hereby responds to the Court's June 14, 2021 Order, directing the government to respond to an application for the production of certain video exhibits. For the reasons set forth herein, Mr. Klein respectfully requests this Court deny the Request.

Applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a Buzzfeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of the Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Lost Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") request to access certain "Video Exhibits" referenced within the Government's Opposition to Defendant's Motion for Review and Revocation of Detention Order (ECF No. 25) as well as in the Court's Memorandum Opinion related thereto (ECF No. 29). *See* Application for Access to Video Exhibits, *In re: Application for Access to Certain Sealed Video Exhibits*, 1:21-mc-00078-JDB (June 1, 2021) (ECF No. 1) ("Application for Video Exhibits").

Page 1

In this case the Court has not been provided with any videos, let alone any video exhibits. While the Government does reference certain videos in its opposition to Mr. Klein's Motion, it did not provide them to the Court in that or any other filing with the Court. And although the Court referenced these videos in its Memorandum Opinion, it did so based on the Government's own representations either in its briefing or in its Statement of Facts attached to the underlying criminal complaint in this action. *See* Memorandum Opinion at 3 (ECF No. 29) ("To the government's knowledge, Mr. Klein is not captured on any footage thereafter . . . ."); *id.* at 15 n.7 ("At the hearing, *the government* also referenced a video clip of Klein waving his hand in the air while he was standing on the Capitol grounds."); *id.* at 18 ("he is soon capturd on video placing a different red hat on his head" (citing Statement of Facts at 10-13)).

In its Response to the Press Coalition's Application for Video Exhibits, the Government characterizes the request as one for "video exhibits admitted into evidence during the detention hearing in the above-captioned matter," Response at 1 (ECF No. 35), that is neither what the Press Coalition has requested nor were any videos actually entered into evidence at the hearing. *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing.").

Even were the Court to conclude that it is in the possession of "video evidence" that must be produced pursuant to Judge Howell's Standing Order, Mr. Klein respectfully requests the Court exercise its discretion in rejecting this request. Mr. Klein has been the subject of significant media scrutiny since his arrest and initial detention and has routinely been characterized in an unflattering manner, bordering a presumption of guilt in the court of public opinion. The release of the videos referenced by the Government will most certainly be prejudicial to Mr. Klein in the preparation of his defense as well as in ensuring that an impartial

jury can ultimately weigh the evidence in this case. *See United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) ("[T]he possibility of prejudice to the defendants by sensational disclosure is a factor which may weigh in favor of denying immediate public access.").

## CONCLUSION

For the reasons set forth above, Mr. Klein respectfully requests this Court deny the Press Coalition's request Application for Video Exhibits.

[SIGNATURE ON NEXT PAGE]

Dated: June 16, 2021                              Respectfully submitted,

                                                                         */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

Kristin L. McGough (D.C. Bar No. 991209)
LAW OFFICE OF KRISTIN L. MCGOUGH
400 Fifth Street, NW
Suite 350
Washington, DC  20001
202-681-6410 (telephone)
866-904-4117 (facsimile)
kristin@kmcgoughlaw.com

*Counsel for Defendant Federico Guillermo Klein*

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | ) ) ) |
| v. | ) ) ) Criminal No. 1:21-CR-00236-JDB |
| **FEDERICO GUILLERMO KLEIN**, | ) ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

On June 16, 2021, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

> Kimberley Charlene Nielsen
> Jocelyn Bond
> U.S. Attorney's Office
> 555 4th Street, Northwest
> Washington, District of Columbia  20532

                                                                           */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, ATTORNEYS AT LAW
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*